Name: DERRICK E. FULLER
Address: 11110 Pico Blvd
Los Angeles, CA 90064
Phone: 323-543-1316
Fax:

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
DEC 15 2023
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DERRICK E. FULLER

Plaintiff

v.

US Dept. of LABOR
EDD (CALIFORNIA)
KAREN (TAX AUDITOR DUA)

Defendant(s).

CASE NUMBER: CV23-10516-MEMF (PVCx)

To be supplied by the Clerk of
The United States District Court

Complaint

12/15/23

CV-126 (09/09)       PLEADING PAGE FOR A COMPLAINT

Exhibit #1

VI. Cause of Action

Under Code of Federal Regulations, title 20, section 625.6(a)(2) plaintiff Derrick E. Fuller is entitled to DUA benefits based on his net profit for year 2021 which equals $51,115,327 per order of Administrative Judge T. Wolfe 10/30/2023 order for California Unemployment Insurance Appeals Board. Plaintiff filed an appeal in response to the denial of the correct tax year net profit weekly benefit payments for DUA. The administrative law judge ruled in plaintiffs favor and referred the case back to EDD for redetermination based on that reasoning on 10/30/2023. The EDD has yet to pay plaintiff his benefits as they claim the issue is still pending. Plaintiff asserts there is a reasonable amount of time for any government agency to adhere or comply with a judges order.

On 12/08/2023 plaintiff spoke with an EDD customer service representative at the Sacramento field office and was informed that the delay was due to the fact it had to be approved by the tax auditor. Find attached an internal email from the tax auditor on 6/26/23 denying plaintiff the correct weekly benefit amount. The tax auditor does not have the authority to supersede a appeals court order that has been adjudicated by an administrative law judge (find attached order from judge). Plaintiff is seeking the amount he is owed and entitled to per the appeals court ruling. Plaintiff asserts his civil rights are being violated as a result of the complete disregard of the plaintiffs due process outcome. Plaintiff would like the court to order the release of his benefits in accordance with the law governing unemployment appeals. Due to the nature of this case plaintiff further asserts the funds are being illegally held by the state due to the DUA program being a fully federally funded program.

Plaintiff believes that the obvious unusual nature of this delay in payments that have been ordered by the court feel like retaliatory actions based on his successful appeal, a act that is expressly prohibited by US Department of Labors own words.

# CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD



**Los Angeles Office of Appeals**
300 South Spring Street, Room 1502
Los Angeles, CA 90013
PHONE: (213) 897-5267
Fax: (213) 897-5282
https://cuiab.ca.gov

**CASE NUMBER:** 10209552

**HEARING(S):**
10/24/2023
Claimant

**PARTIES AND REPRESENTATIVES**

Derrick E Fuller - Claimant *Appellant*

853 - OAKLAND - Department

EDD - UI DIVISION - MIC 40 - Department

U.S. DEPT OF LABOR - ETA - Department

## DECISION

The decision in the above-captioned case appears on the following page(s).

The decision is final unless you request a review by the Regional Employment & Training Administrator, U. S. Department of Labor, within 15 calendar days from the date of mailing shown below. See the attached "Notice to Parties" for further information on how to request a review.

**Administrative Law Judge:** T. Wolfe

**Date Issued:** 10/30/2023

U.S. DEPT OF LABOR - ETA
90 7TH ST #17-300
SAN FRANCISCO, CA 94103-1516

| | |
|---|---|
| **Master Case Number:** 10209552 | **Los Angeles Office of Appeals** |
| Administrative Law Judge: | Ted Wolfe |
| Claimant/Petitioner: | Derrick E. Fuller |
| Parties Appearing: | Claimant |

ISSUE STATEMENT

The claimant appealed a determination that he was ineligible for additional Disaster Unemployment Assistance (DUA). The issue in this case is whether the claimant is entitled to Disaster Unemployment Assistance based on his wages in the most recent completed tax year, under Code of Federal Regulations, Title 20, section 625.6(a)(2),

FINDINGS OF FACT

The claimant has been self-employed in the entertainment business under the name of Rederick Entertainment LLC for several years.

The claimant worked on a project in 2022 in Northern California until December 27, 2022, when the project ended because of a major storm in Northern California. He did not work on this project thereafter.

The department considered those affected by this major storm to be entitled to DUA if eligible.

The claimant established a claim for DUA effective January 1, 2023.

At first, claimant's benefit amount was set at $167.

The claimant provided a Schedule C (Form 1040) from 2021 showing that he had gross receipts of $98,000,000, and net profit of $51,115,327.

REASONS FOR DECISION

Disaster unemployment assistance is available for individuals who are unemployed as the result of a major disaster and not entitled to any other unemployment compensation or waiting week credit. (United States Code, title 42, section 5177.)

The weekly benefit amount for disaster unemployment assistance shall be the weekly amount of benefits the claimant would have been paid as regular

Master Case Number:   10209552                    2

unemployment compensation. (Code of Federal Regulations, title 20, section 625.6(a)(1).)

The base period for a claim for disaster unemployment assistance shall be the most recent tax year that has ended for the individual prior to the individual's unemployment that was a direct result of the disaster. (Code of Federal Regulations, title 20, section 625.6(a)(2).)

Because the claimant because the year 2021 was the last completed tax year before the claimant last worked, net earnings from 2021 are to be used to determine is weekly benefit amount.

Because the claimant had net earnings of over $50,000,000 from his self-employment for this completed tax year, he is entitled to DUA benefits based on his net profit in 2021 under Code of Federal Regulations, title 20, section 625.6(a)(2).

DECISION

The determination is reversed. The claimant is entitled to DUA benefits with a weekly benefit amount based on his net profit from the tax year 2021 under Code of Federal Regulations, title 20, section 625.6(a)(2). This matter is referred to the department to redetermine the claimant's weekly benefit amount based on this reasoning.

BARSU:mg/tw 1 6

Master Case Number:   10209552                3



# CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD

## NOTICE TO PARTIES

**Board Appeals** - If the enclosed decision is unfavorable, you may appeal it to the Appeals Board (Board). The Board generally decides the case on the record of the hearing before the Administrative Law Judge (ALJ) without a new hearing.

**You must submit your written board appeal within 30 days (including weekends and holidays) from the date issued on the ALJ's decision.** Your board appeal must be in writing, signed, include your name, address, claimant name, case number, and account number if you are an employer. Representatives filing a board appeal, must include the representative's name and address. **A statement of why you disagree with the ALJ's decision may be included.**

You may request to submit written argument. You may request a copy of the hearing record to prepare your written argument. The Board will set a due date to submit written argument.

You may request the Board to accept new or additional evidence. To do so you must: (a) attach the evidence with your board appeal; (b) explain why the evidence was not given to the ALJ at the hearing; and (c) explain why the evidence is important to the case.

**New Hearing Request** - If you did not appear in the hearing and the ALJ's decision is unfavorable, or you withdrew your appeal, you may request a new hearing and decision within 30 calendar days from the mailing date on the ALJ's decision, and if untimely, explain the delay. A Reopen/Reinstate request must be in writing and include your reasons to grant your request. If appropriate, a hearing will be scheduled before an ALJ.

**Late Board Appeal** - If you miss the appeal deadline, you must explain the reason for your delay. **Good cause must be found for late appeals or they will be dismissed.**

**Address** - Submit your board appeal or request to the Office of Appeals listed on the Decision Cover or electronically through the C.U.I.A.B. website at https://cuiab.ca.gov.

**Claim Forms** - If you are still unemployed or disabled, you must file claim forms while your appeal is pending. To obtain claim forms, contact the Employment Development Department at https://edd.ca.gov. Disability Insurance: Call (800) 480-3287 and Paid Family Leave: Call (877) 238-4373.

**Governing Procedure** - The governing procedure is in Title 22, California Code of Regulations, Sections 5000-5200, available on the Internet at https://oal.ca.gov or from the Office of Appeals, without charge.

DE 6401 (English) – Rev. 34 (4-2021)



# JUNTA DE APELACIONES DEL SEGURO DE DESEMPLEO DE CALIFORNIA
## AVISO A LAS PARTES

**Apelaciones a la Junta** - Si la decisión adjunta no es a su favor, puede apelarla ante la Junta de Apelaciones (Junta). La Junta generalmente decide el caso en el acta de la audiencia ante el Juez de Derecho Administrativo sin una nueva audiencia.

**Debe presentar su apelación por escrito a la junta dentro de los 30 días (incluidos los fines de semana y días festivos) a partir de la fecha emitida en la decisión del Juez.** Su apelación a la Junta debe ser por escrito, firmada, incluir su nombre, dirección, nombre del solicitante, número de caso y número de cuenta si usted es el empleador. Representantes presentando una apelación a la Junta, debe incluir el nombre y la dirección del representante. **Se puede incluir una declaración de por qué no está de acuerdo con la decisión del Juez.**

Puede solicitar presentar un argumento por escrito. Puede solicitar una copia de la grabación de la audiencia para preparar su argumento por escrito. La Junta establecerá una fecha límite para presentar un argumento por escrito.

Puede solicitar a la Junta que acepte pruebas nuevas o adicionales. Para ello debe: (a) incluir las pruebas con su apelación a la Junta; (b) explicar por qué las pruebas no fueron entregadas al Juez durante la audiencia; y (c) explicar por qué las pruebas son importantes para el caso.

**Nueva Solicitud de Audiencia** - Si no compareció en la audiencia y la decisión del Juez no es a su favor, o retiró su apelación, puede solicitar una nueva audiencia y decisión dentro de los 30 días de calendario a partir de la fecha de envío de la decisión del Juez, y si es prematuro, explicar el retraso. Una solicitud de Reapertura/Reintegración debe ser por escrito e incluir las razones para conceder la solicitud. Si procede, se programará una audiencia ante un Juez.

**Apelación Tardía a la Junta** - Si no tiene la fecha límite de apelación, debe explicar el motivo de su retraso. **Buena causa debe encontrarse para apelaciones tardías o serán despedidos.**

**Dirección** - Envíe su apelación o solicitud a la junta a la Oficina de Apelaciones que aparece en la Cobertura de la Decisión o electrónicamente a través del sitio web de la C.U.I.A.B. en https://cuiab.ca.gov.

**Formularios de Solicitudes de Beneficios** - Si aún está desempleado o incapacitado, debe presentar formularios de solicitud mientras su apelación está pendiente. Para obtener formularios de solicitud, póngase en contacto con el Departamento de Desarrollo del Empleo en https://edd.ca.gov. Seguro de Incapacidad: Llame al (800) 480-3287 y Permiso Familiar Pagado: Llame al (877) 238-4373.

**Procedimientos Regulatorios** - El procedimiento regulatorio está en el Título 22, Código de Regulaciones de California, Secciones 5000-5200, disponible en internet en https://oal.ca.gov o en la Oficina de Apelaciones, sin cargo.

DE 6401 (Español) – Rev. 34 (4-2021)

## CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD (C.U.I.A.B.)
## BOARD APPEAL

If you disagree with the unfavorable C.U.I.A.B. Administrative Law Judge's (ALJ) decision in your unemployment, tax or disability case, you must file your Board Appeal within **30 calendar days** from the issue date of the ALJ's decision.

Claimant: You must continue to file claim forms during the time we are reviewing your appeal if you wish to claim benefits for this period. However, if you are found ineligible, you may be required to repay benefits received. Please direct all claim questions to the Employment Development Department (E.D.D.) at: https://edd.ca.gov.

---

**The following information must be provided by the party filing the appeal (Appellant) or authorized agent/representative.**

**Check party filing the appeal:**  ☐ Claimant  ☐ Employer  ☐ Petitioner  ☐ Department

☐ Claimant Representative  ☐ Employer Representative  ☐ Petitioner Representative

Appellant Name:

Case Number(s):

Appellant Telephone Number:

Appellant Mailing Address:


Do you give permission for C.U.I.A.B. to send confidential information regarding your appeal to your e-mail address and/or cell phone by voice or text message (Information may be received sooner)?  ☐ Yes  ☐ No

If yes, please provide the e-mail address and/or cell telephone number where you would like the information sent.

E-mail Address:                                          Cell Telephone Number:

---

Appellant Agent or Representative Name (if applicable):
Mailing Address:

☐ Check Box if you are not filing your appeal on time (within 30 days from the issue date of the ALJ's decision) and provide details on reasons for the delay. You must show good cause for an untimely appeal or it will be dismissed.

☐ Check Box if presenting new or additional evidence. Attach documents and explain why they were not presented at the hearing.

I disagree with the Administrative Law Judge's decision because:

(If you need additional space please use the back of this page, or attach additional pages)

Signature of the Appellant or
Agent/Representative Required:                                          Date:

10209552

**From:**
**Sent:** Tuesday, September 12, 2023 3:40 PM
**To:**
**Cc:**
**Subject:** FW: clmt: Derrick E Fuller appeal transmittal dated 6/26/23

Good afternoon,

Please provide appeal docs to ING-OAP per request.

06-02-2023 653T489D
  RECOMP-06/02/23 INACTIVATED.
  RECOMP 06/02/23. BAL CH FR 1494.00.MBA CH FR 4648.WBA CH FR 166.
06-02-2023 BCISNOTE
  AMENDED AUDITOR RESPONSE: BYB/CED:01/01/23 ER:DUA AUD:Karen - 653 -
  (916) 639-1044. Wages not allowed per evidence submitted by the
  claimant. Wages were not earned in the completed tax year prior to the
  last day of work. Only wages earned in 2022 the prior completed tax
  year may be used to establish a Disaster Unemployment Assistance
  claim. Section 625.6 (a) (2), Code of Federal Regulations.

Thank you,
Jessica

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
1-1-23

**From:**
**Sent:** Tuesday, September 12, 2023 10:42 AM
**To:**
**Subject:** clmt: Derrick E Fuller appeal transmittal dated 6/26/23

attached

THIS EMAIL ORIGINATED FROM OUTSIDE OF YOUR ORGANIZATION
DO NOT click on links or open attachments unless you recognize and/or trust the SENDER.

Please provide the appealable document DE8598 for 625.6 and 625.6a2 and any tax documents submitted by the clmt for 2021 and 2022.
The judge cannot hear the case without the appealable document. Thank you

SEP 13 '23 PM 2:42
LAOA RECEIVED DOCS

OAP - LA

Fuller

1

UI CENTER OAKLAND
PO BOX 12906
OAKLAND, CA 94604-2906

**EDD** Employment Development Department
State of California

EDD Phone Numbers:
English: 1-800-300-5616
Spanish: 1-800-326-8937
Cantonese: 1-800-547-3506
Mandarin: 1-866-303-0706
Vietnamese: 1-800-547-2058
TTY: 1-800-815-9387

**NOTICE OF DETERMINATION**
**PANDEMIC UNEMPLOYMENT ASSISTANCE (PUA) INCOME/EARNINGS**

DERRICK E FULLER
11110 W PICO BLVD
LOS ANGELES, CA 90064-1709

Mail Date: 09/20/2023
Claim Effective Date: 01/01/2023
Social Security No.: XXX-XX-2534
Reference: F218

| QUARTER ENDED | INCOME/EARNINGS REQUESTED | AMOUNT ALLOWED | QUARTER ENDED | INCOME/EARNINGS REQUESTED | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| 1. 03/31/2021 | $0.00 | $0.00 | 3. 09/30/2021 | $0.00 | $0.00 |
| 2. 06/30/2021 | $0.00 | $0.00 | 4. 12/31/2021 | $0.00 | $0.00 |

☐ Your PUA weekly benefit amount has not changed.

☒ Your PUA weekly benefit amount has been reduced to $ 167.

**REASON:**

A. ☐ Some or all of the requested income/earnings from self-employment is not net income. Only self-employment net income can be used to increase the PUA claim weekly benefit amount.

B. ☐ Some or all of the requested income/earnings from self-employment was not dependent upon the performance of services. Only net income from self-employment dependent upon the performance of services can be used to increase the PUA claim weekly benefit amount.

C. ☐ Some or all of the requested earnings/income was not earned during the base period of the PUA claim, which is the Calendar Year (CY) 2019 (i.e., January 2019-December 2019). Only wages or net income earned in CY 2019 may be used to increase the PUA claim weekly benefit amount.

D. ☐ You provided proof of net earnings/income; however, the earnings/income is not enough to increase the PUA claim weekly benefit amount.

E. ☐ The EDD initially increased your PUA claim weekly benefit amount based on the CY 2019 earnings/income that you self-attested to when you filed your PUA claim. When requested by the EDD to provide proof of your earnings/income, you either did not provide any proof of your income/earnings for CY 2019 OR the proof you provided was not enough to support the increase in your PUA claim weekly benefit amount. Therefore, the EDD is required to decrease your weekly benefit amount.

F. ☒ Wages not allowed per evidence submitted by the claimant. Wages were not earned in the completed tax year prior to the last day of work. Only wages earned in 2022 the prior completed tax year may be used to establish a Disaster Unemployment Assistance claim. Section 625.6 (a) (2), Code of Federal Regulations.

Department Rep.: Karen      Telephone Number: (916) 639-1044
Completion Date: 06/02/2023  Office Number: 653

LEGAL CITATIONS: Federal CARES Act of 2020 Section 2102 (Public Law 116-136); Title 20 Code of Federal Regulations Section 625.6; U.S. Department of Labor (DOL) Unemployment Insurance Program Letter (UIPL) 16-20; DOL UIPL 16-20, Change 1; and California Unemployment Insurance Code Section 1280.

REFER TO THE REVERSE SIDE OF THIS NOTICE FOR
APPEAL RIGHTS AND OTHER IMPORTANT INFORMATION

DE 8598PUA-M (8-20)                              Page 1 of 2

## APPEAL RIGHTS AND OTHER IMPORTANT INFORMATION

If you disagree with this determination, you may file an appeal by mailing a letter to the address listed on this notice. To be timely your appeal must be postmarked within 30 calendar days of the mail date on this notice. There is an appeal form available on the EDD website at edd.ca.gov/pdf_pub_ctr/de1000m.pdf. In your appeal, include the reason you disagree with the EDD's decision, as well as copies of any additional income information that you want to be considered, such as your 2019 tax return, W-2s, pay stubs, or other income documents. Your appeal will be heard by an Administrative Law Judge of the California Unemployment Insurance Appeals Board.

At any time from now until the end of the PUA Pandemic Assistance Period on December 31, 2020, you may request reconsideration of your PUA weekly benefit amount by submitting income documentation, such as your 2019 tax return, W-2s, pay stubs, or other income documents. For more information about the PUA Program, visit the EDD website at edd.ca.gov.